UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GARY WINGERT, :
:
      Plaintiff :
:
  v. : CIVIL NO. 3:CV-07-0224
:
LEBANON COUNTY CORRECTIONAL : (Judge Kosik)
FACILITY MEDICAL DEPT., et al., :
:
      Defendants

## **O R D E R**

### **THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On February 5, 2007, Plaintiff Gary Wingert, at the time an inmate at the Lebanon County Correctional Facility ("LCCF"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are the Medical Department of the Lebanon County Correctional Facility and various employees of LCCF. In the complaint, Plaintiff alleges that Defendants violated his Eighth Amendment right to adequate medical care. Along with his complaint, Wingert filed a motion to proceed in forma pauperis as well as an authorization form. On February 5, 2007, the court issued an Administrative Order (Doc. 5), directing the warden at the prison to commence deducting the full filing fee from Wingert's inmate account. Also on the same date, a Standing Practice Order was issued advising Wingert of his responsibilities while litigating this case (Doc. 6). On February 12, 2007, the

Administrative Order was returned to this court marked "Undeliverable - Released - No Address" (Doc. 7). On February 20, 2007, the Standing Practice Order was also returned as Undeliverable and marked "Released - Left No Address" (Doc. 8). Plaintiff has failed to provide the court with any forwarding address. The one and only contact the court has had from Plaintiff is when he initiated this action on February 5, 2007. Every document the court has attempted to mail to Plaintiff has been returned. Upon telephone inquiry to LCCF, the court verified that Plaintiff had been released from prison on February 5, 2007. Because several weeks have passed and Plaintiff has failed to provide the court with a new address, the court assumes he no longer wishes to pursue this action. The Standing Practice Order issued provides that a pro se plaintiff has the affirmative obligation to keep the court informed of his address and that the plaintiff must immediately inform the court in writing of any change in his address. The order further provides that if the court is unable to communicate with the plaintiff because he has failed to notify the court of his address, the plaintiff will be deemed to have abandoned the lawsuit. Plaintiff's failure to advise the court of his current whereabouts clearly warrants the dismissal of his action for failure to prosecute. See Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984); Janickey v. Black, Civil No. 1:CV-06-1125, slip op. (M.D. Pa. Dec. 13, 2006)(Caldwell, J.). Pursuant to Fed. R. Civ. P. 41(b), Plaintiff's complaint will be dismissed for failure to prosecute.

2

**ACCORDINGLY, THIS 28th DAY OF FEBRUARY, 2007, IT IS HEREBY ORDERED THAT:**

1. Pursuant to Fed. R. Civ. P. 41(b), Plaintiff's complaint is dismissed without prejudice for failure to prosecute.

2. The Clerk of Court is directed to close this case.

3. Any appeal from this order will be deemed frivolous and not taken in good faith.

                                s/Edwin M. Kosik
                                United States District Judge